**Clinton MANGES, Appellant,**

v.

**GULF OIL CORPORATION, Appellee.**

**No. 24760.**

United States Court of Appeals Fifth Circuit.

May 13, 1968.

Rehearing Denied July 24, 1968.

Roger Butler, Luther E. Jones, Jr., Corpus Christi, Tex., John F. Tomlin, Pecos, Tex., Russell Morton Brown, Brown, Goodpasture & Block, Washington, D. C., Butler, Schraub & Gandy, Corpus Christi, Tex., for appellant.

Booth Kellough, New Orleans, La., William L. Kerr, Robert W. Fuller, Morgan Copeland, Kerr, Fitz-Gerald & Kerr, Edwin S. Hurst, Midland, Tex., for appellee.

Before TUTTLE, GEWIN and GODBOLD, Circuit Judges.

TUTTLE, Circuit Judge:

Appellant Manges, owner of the surface estate of the McElroy ranch in Upton and Crane Counties, Texas, brought this diversity suit against the Gulf Oil Corporation, present lessee of the mineral estate, seeking to compel Gulf specifically to perform a pipeline burial covenant in each lease or pay damages. The trial court granted appellee's motion for summary judgment. We affirm on the basis of our recent decision in Mobil Oil Corp. v. Brennan, et ux., 5 Cir., 385 F.2d 951 (November 9, 1967).

Appellee's acquisition of oil and gas leases on the McElroy ranch began in 1926. Through a succession of interests, by July 1, 1965, Franco Wyoming Oil Company was the owner of both the surface and mineral estates of the property, subject to appellee's oil and gas leases. As owner of both surface and mineral estates, Franco Wyoming was the owner of rights reserved by the lessor in these leases, which included a covenant that lessee, Gulf, when required by lessor, would bury its pipelines running on the surface estate below plow depth.

On July 1, 1965, Franco Wyoming conveyed the mineral estate fee and rights owned by it as lessor to Warren and Co. Subsequently, on October 26, 1965, Franco Wyoming conveyed the surface estate to appellant Manges.

The factual situation in Mobil Oil Corp. v. Brennan, supra, is similar to the above arrangements. There the common owner of both surface and min-

eral estates conveyed out the mineral estate subject to a limitation on the mineral owner's right to use so much of the surface as was reasonably necessary to comply with the terms of the lease and to effectuate its purpose, in the form of a covenant to bury pipeline. Brennan, a subsequent successor to the common owner's interest in the surface estate, sought to enforce the covenant against Mobil Oil Corporation, successor in interest to the mineral estate. This court found that the nature of the interest which the surface estate owner held as against the mineral estate owner was that of a limitation on the mineral owner's surface rights, a covenant attached to the surface estate which ran with the land. This limitation by covenant would remain forever with the surface estate in the absence of certain circumstances, among which were express detachment or abrogation, disregard of the covenant, or change of conditions which would make its enforcement unreasonable. There being no express detachment of the covenant from the surface estate by the surface owner, or abrogation eliminating it, and no contention that the covenant had ceased to run because of continuous disregard or changed conditions, this court held that the covenant accompanied the subsequent conveyance of the surface and passed to the successor surface owner, Brennan, who was empowered to enforce the covenant.

It is clear from the *Mobil Oil* decision that Manges, in the absence of the above mentioned factors, would have the right to enforce this limitation on Gulf's right to surface use. However, the record clearly shows that the right to enforce this limitation never passed to Manges for it was expressly detached by the surface owner. Such was accomplished by the conveyance from Franco Wyoming to Warren of the mineral estate fee and *rights of lessor, which included the right to require Gulf to bury its pipelines,* and such conveyance was prior to the conveyance of the surface estate to Manges. Thus *Mobil Oil* and the instant case are factually distinguishable in that here we have a prior express detachment of the covenant from the surface estate by the surface estate owner, Franco Wyoming; whereas the surface estate owner in *Mobil Oil* made no such detachment of the covenant prior to conveying the surface estate to Brennan. Therefore, while this case and *Mobil Oil* are identical to the extent that in each the successor owner of a surface estate sought to enforce a pipeline burial covenant, we reach opposite results by virtue of the fact that in the case before us the covenant was expressly detached by the original surface owner while in *Mobil Oil* such detachment never occurred. We have no difficulty in agreeing with the decision in *Mobil Oil* because the covenant there involved was never detached, abrogated, disregarded or changed by conditions, and accordingly the covenant did run with and attach to the surface estate.

Although the conveyance of the surface estate from Franco Wyoming to appellant Manges included "full substitution and subrogation of grantee in and to all covenants and warranties by others heretofore given or made in respect to the estate herein," the language of the prior conveyance from Franco Wyoming to Warren makes it clear that this right to enforcement of the limitation had already been detached and conveyed to Warren. In addition to conveying "all rights, benefits, payments and interests provided for grantor or any predecessors in title to grantor" with respect to the mineral estate, "including, but not limited to, all royalties, bonuses, rentals, sums and considerations due or to be paid at any time to grantor under any of such leases, agreements, contracts or other items," Franco Wyoming also conveyed to Warren "the royalty and *all other rights, titles, interests, properties and estates reserved* to the lessor under the oil and gas leases described in Exhibit A as the same may be or may have been amended, supplemented, extended, renewed or substituted for from time to time."

Appellant concedes that the granting clause of the deed to Warren was broad enough to cover and convey to Warren the benefit of the limitation if it is subject to conveyance. In view of the power to detach and transfer such a right of enforcement, recognized in Mobil Oil Corp. v. Brennan, supra, of Franco Wyoming, we must affirm the judgment below.

The judgment is affirmed.